UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case No. 21-cr-0149-bhl-1

LARRY LYON,

        Defendant.

## ORDER DENYING MOTION TO SUPPRESS

On July 13, 2021, a grand jury returned a five-count indictment charging Larry Lyon with aiding and abetting another person to make a false statement to a federally licensed firearms dealer, possessing firearms as a felon, maintaining a drug involved premise, intentionally possessing with intent to distribute controlled substances, and using firearms in furtherance of drug trafficking. (ECF No. 8.) Following his arraignment, Lyon filed a motion to suppress evidence seized from his home pursuant to a search warrant. (ECF No. 18.) Lyon claims that the affidavit submitted in support of the warrant fails to establish probable cause for the search.

On September 29, 2021, Magistrate Judge Nancy Joseph filed a Report and Recommendation with this Court, recommending that the motion be denied. (ECF No. 21.) On October 13, 2021, Lyon filed written objections to the report. (ECF No. 22). The government has not filed a response to the objections. As discussed below, the Court adopts the recommendation of Magistrate Judge Joseph and will accordingly deny Lyon's motion.

## ANALYSIS

In his motion, Lyon seeks to suppress all evidence obtained as a result of the search of his home, the lower unit of a duplex located at 2429 South Ninth Street in Milwaukee. While he has never disputed that there was probable cause to search the upper unit (ECF No. 18 at 4), he argues that the affidavit of Milwaukee Police Officer Patrick Coe did not support a finding of probable cause to search the lower unit. Specifically, Lyon argues that (1) many of the statements made by a confidential informant (CI) are simply conclusions and unsupported by allegations of fact; (2) the observations of law enforcement regarding activities associated with

the upper unit do not support the conclusory allegations regarding the lower unit; and (3) law enforcement's observations that some people made short visits to the lower unit do not amount to probable cause. (ECF No. 22 at 3-4.)

I.     **The Warrant Was Supported by Probable Cause**

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. When a search is authorized by a warrant, "great deference" is given to the issuing judge's conclusion that probable cause has been established. *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008). A search warrant affidavit establishes probable cause when "it sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Mykytiuk*, 402 F.3d 773, 776 (7th Cir. 2005) (internal quotations omitted). "[I]n reviewing the issuing judge's probable cause determination, the district court need only evaluate whether the judge had a 'substantial basis' for concluding that probable cause existed." *United States v. Kelly*, 772 F.3d 1072, 1080 (7th Cir. 2014) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

    A.     **The Affidavit Established the Confidential Informant's Basis of Knowledge**

Lyon argues that the affidavit failed to establish probable cause because it did not provide a basis for the confidential informant's knowledge. (ECF No. 22 at 3.) According to Lyon, nothing in the affidavit supported the CI's statement that the occupant of the lower unit sold drugs from the lower unit. *Id*. He tries to distinguish between the more detailed factual assertions concerning drug activity in the upper unit and the less detailed facts concerning criminal activity in the lower unit. Lyon points out that in the 72 hours before the affidavit was written, the CI observed the occupant of the upper unit selling narcotics from the upper unit of the residence. (ECF No. 18-1 ¶9.) But the affidavit provides no similar time frame for the CI's stated observations that the occupant of the lower unit sold drugs from both the upper and lower units. *See id*. ¶¶7, 13.

With regard to informants,

> [w]hen probable cause is supported by information supplied by an informant, [courts] particularly look to several factors; (1) the degree to which the informant has acquired knowledge of the events through firsthand observation, (2) the amount of detail provided, (3) the extent to which the police have corroborated the informant's statements, and (4)

the interval between the date of the events and the police officer's application for the search warrant.

*United States v. Sutton*, 742 F.3d 770, 773 (7th Cir. 2014) (citations omitted).  While the affidavit does not provide a precise timeline for the CI's observations as to the lower unit, Officer Coe averred that "[w]ithin the last week" prior to applying for the search warrant, the CI had informed him that s/he had been inside both the upper and lower units.  (ECF No. 18-1 ¶7.) The CI's observations that the occupants of the duplex roamed freely between the units was corroborated by the observations of law enforcement.  *Id*. ¶¶7, 14, 20.  Likewise, the CI's assertion that the occupant of the lower unit sold narcotics from the lower unit was corroborated by law enforcement observations of activity indicative of drug dealing from the lower unit.  *Id*. ¶¶7, 13, 21.  Further, the affidavit included information about the CI's history of providing truthful information.  *Id*. ¶15.  Based on all of these factors, the CI's statements support a finding of reliability.

> **B.** **The Affidavit Contained Sufficient Evidence for the Issuing Judge to Infer that the Suspects Were Dealing Drugs in the Lower Unit**

Lyon similarly argues that there are "significant factual averments regarding the Upper Unit, but frequent conclusory allegations without regard to the Lower." (ECF No. 22 at 4.) Absent such conclusory allegations, Lyon contends, the only noteworthy evidence is the corroboration that individuals from the upper unit had entered the lower unit without knocking. *Id*.

"Rather than viewing bits and pieces of a probable cause showing in isolation, the court must focus on all the facts presented to the magistrate."  *United States v. Markling*, 7 F.3d 1309, 1317 (7th Cir. 1993).  In addition to the information provided by the CI, Officer Coe conducted surveillance of the duplex and observed the occupant of the upper unit and two other males exit the upper unit and either knock on the door of, or walk freely into, the lower unit.  (ECF No. 18-1 ¶20.)  Officer Coe also observed several subjects drive to the front of the residence, exit their vehicles, and walk to the door of the lower unit.  *Id*. ¶21.  After being allowed in by an unknown person, the subjects left the lower unit within minutes of entering.  *Id*.

As noted by Magistrate Judge Joseph, the *entirety* of the affidavit contains sufficient evidence for the issuing judge to infer from the activities and the traffic between the two units

that there was a substantial chance that occupants of both units were dealing drugs in the lower unit and that a search of the lower unit would likely yield such evidence. (ECF No. 21 at 8.)

        **C.    Based on the Special Knowledge and Observations of the Surveilling Officer, the Issuing Judge Had a Substantial Basis for Concluding that Probable Cause Existed**

Lyon next argues simple conclusory statements that some people made "short visits" to the lower unit – while perhaps suspicious – does not amount to probable cause. (ECF No. 22 at 4.)

In the affidavit, Officer Coe detailed the series of events he observed while surveilling the properties. Within a 30-minute period, he observed the occupant of the upper unit and two other males exit the upper unit and either knock on the door of, or freely walk into the lower unit on several occasions. (ECF No. 18-1 ¶20.) While this was occurring, he observed several subjects drive to the front of the duplex, exit their vehicles, walk to the lower unit, knock on the door, and be allowed in by an unknown person. The subjects would then exit the residence within minutes of entering. *Id*. ¶21. Based on his experience and training, Officer Coe asserted that such activity was indicative of drug dealing from the lower unit. *Id*. ¶¶5, 22.

"Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Moreover, when observing activity of a person suspected of criminal activity, Government agents are entitled to reasonably rely upon their special knowledge and expertise to assess probabilities and draw inferences, and a judge may take into account the experience and special knowledge of the officers if the search warrant explains the significance of specific types of information." *United States v. Scott*, 731 F.3d 659, 665 (7th Cir. 2013) (citations omitted). In this case, the issuing judge "had a 'substantial basis for concluding' that probable cause existed." *Gates*, 462 U.S. at 239.

**II.    Good Faith**

Lyon requests a hearing to determine if there was good faith reliance on the affidavit. (ECF No. 22 at 4.) Even if the Court is incorrect and probable cause was lacking, the exclusionary rule does not require exclusion of the resulting evidence if the good-faith exception applies – that is, if the officers who executed the warrant relied, in objective good faith, on the issuing judge's probable cause decision. *United States v. Rees*, 957 F.3d 761, 771 (7th Cir. 2020) (citing *United States v. Leon*, 468 U.S. 897, 918-23 (1984)). Although it is the

Government's burden to establish that the officer was acting in objective good faith, an officer's decision to obtain a warrant is *prima facie* evidence of his good faith. *United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002). Thus, the presumption arises that an officer with a warrant was acting in good faith, and the defendant's burden is to rebut that presumption. *Edmond v. United States*, 899 F.3d 446, 453 (7th Cir. 2018). An issuing judge is, moreover, typically far more qualified than a police officer to decide whether probable cause exists, *Malley v. Briggs*, 475 U.S. 335, 346 n.9 (1986), and so an officer "cannot ordinarily be expected to question a judge's probable cause determination," *United States v. Lickers*, 928 F.3d 609, 619 (7th Cir. 2019).

For this reason, to meet his burden, Lyon must show: (1) the affiant misled the magistrate with information the affiant knew was false or would have known was false but for the affiant's reckless disregard for the truth; (2) the magistrate wholly abandoned the judicial role and instead acted as an adjunct law-enforcement officer; (3) the affidavit was bare boned, "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant was so facially deficient in particularizing its scope that the officers could not reasonably presume it was valid. *United States v. Rees*, 957 F.3d 761, 771 (7th Cir. 2020) (quoting *Leon*, 468 U.S. at 923).

Lyon requests an evidentiary hearing to address the exception, however he makes no supporting assertions. The Court agrees with Magistrate Judge Joseph that Lyon is not entitled to an evidentiary hearing on the issue of the *Leon* good faith exception.

## CONCLUSION

After a de novo review of the recommendations made by Magistrate Judge Joseph under 28 U.S.C. §636(b)(1), the Court overrules the Defendant's Objections (ECF No. 22) and accepts, in its entirety, the Report and Recommendation of the Magistrate Judge (ECF No. 21).

Accordingly, IT IS ORDERED that the Defendant's Motion to Suppress (ECF No. 18) is DENIED.

Dated at Milwaukee, Wisconsin on November 10, 2021.

    s/ *Brett H. Ludwig*
    BRETT H. LUDWIG
    United States District Judge